UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MMG FINANCIAL CORP.,

    Plaintiff,

v.                                            Case No. 06-C-929

MIDWEST AMUSEMENT PARK, LLC, et al.

    Defendants.

**ORDER**

Following a verdict against them, Defendants have filed a motion for a new trial. Fed. R. Civ. P. 59. First, they argue that the verdict was not supported by the evidence.

> In ruling on a motion for new trial, federal law requires a district court to determine "whether 'the verdict is against the weight of the evidence ... the damages are excessive, or ... for other reasons, the trial was not fair to the party moving.'" We will not set aside a jury verdict if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury.

*Kapelanski v. Johnson,* 390 F.3d 525, 530 (7th Cir. 2004) (citations omitted).

Here, it is clear there was a reasonable basis to support the verdict. The jury heard testimony about the nature of the agreement the parties entered into and obviously chose to believe the Plaintiff's story. Although the parties presented sharply different versions of events, that would be true of any trial regarding an oral contract. It is true that the nature of the contract in question was enigmatic, to say the least, but such are the sorts of knots that juries are routinely asked to untie.

The Defendants' brief merely suggests reasons the jury could have reached a different result – it does not suggest that the result it did reach was unsupported by any evidence.

The Defendants also argue it was error to fail to include a jury instruction on the statute of frauds. First, the jury instructions were not objected to on this basis. Second, this is not a statute of frauds case. The testimony that the jury obviously believed showed that Plaintiff had agreed to finance the go-karts in question. An oral financing agreement does not run afoul of the writing requirement of Wis. Stat. § 402.201(1), which governs the sale of goods. Accordingly, the motion for a new trial will be denied.

Plaintiff has filed a motion for sanctions stemming from the Defendants' failure to appear for the pretrial conference and other missteps leading up to trial. Specifically, it seeks reimbursement for the 5.9 hours preparing for the pretrial conference that the Defendants failed to attend. Although I am not without sympathy for Plaintiff's position, I am mindful that the Defendants were in the midst of attempting to find new counsel at the time. Moreover, Plaintiff's counsel is located within blocks of this Court, and the efforts it expended for the scratched pretrial conference were no doubt able to be used in the pretrial conference that did occur. Accordingly, the motion for default judgment and sanctions will be denied as well.

For the reasons given above, the motion for a new trial and motion for sanctions are **DENIED**.

**SO ORDERED** this 31st day of October, 2008.

        s/ William C. Griesbach
        WILLIAM C. GRIESBACH
        United States District Judge