UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MMG FINANCIAL CORPORATION,

    Plaintiff,

v.                                       Case No. 06-C-929

MIDWEST AMUSEMENT PARK LLC ,

    Defendant.

**ORDER DENYING MOTION FOR RECUSAL**

On April 16, 2009, upon notification that Defendant Samanta Roy Institute of Science and Technology ("SIST") had filed for bankruptcy protection, this matter was stayed. Shortly before the stay was entered, the defendants moved the Court to recuse itself from further consideration of this case on the ground that a conflict of interest had arisen. On September 23, 2009, Plaintiff advised the Court that the bankruptcy proceeding had been dismissed and filed a copy of the bankruptcy court's order of dismissal. The bankruptcy proceeding having been dismissed, this Court's stay is now lifted as well. I therefore proceed to a determination of SIST's motion that I recuse myself.

The defendants sought recusal on the ground that my name was included in an alleged hit list that one or more of the defendants had allegedly provided to Robert Cameron of Cameron Motorsports, who was a witness in an earlier trial of the principal claim in the case. Cameron had reportedly informed the FBI that "SIST" had paid him to murder sixty people. The details, to the extent they have been made a part of the record, were reported in a CBS news article, the online

version of which appears at: http://cbs13.com/national/shawano.wisconsin.SIST.2.889936.html (last visited October 7, 2009). Defendants noted that the media had focused on this story and it has been the subject of television and newspaper accounts in the Green Bay area and even national news. Although the defendants deny they had any involvement with the list or engaged in any such action, they claim that the mere existence of the threat gives rise to a conflict of interest requiring that I recuse myself.

A judge must disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455(a). In deciding whether recusal is warranted, I must consider whether the defendants have presented a "reasonable basis for finding an appearance of partiality under the facts and circumstances of the case." *In re United States*, 572 F.3d, 301, 308 (7th Cir. 2009). "Recusal is required when a 'reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits'" *Id.* (quoting *In Re Mason*, 916 F.2d, 384, 385 (7th Cir. 1990). Where a judge is threatened by a party, recusal is required if it appears that the threat is genuine and not just motivated by a desire for recusal. *In re Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005). As these proceedings are well under way and have in fact proceeded beyond an initial jury trial, I must exercise care in determining whether recusal is necessary. "A change of umpire mid-contest may require a great deal of work to be redone . . . and facilitate judge shopping." *In re Nat'l Fire Ins. Co.*, 839 F.3d 1226, 1229 (7th Cir. 1988).

In this case, I conclude that recusal is not required because the threat does not appear genuine. The list includes the names of local government officials in Shawano County and the surrounding area that have allegedly been involved in various disputes with one or more of the defendants. Cameron, who was involved in a contract dispute with SIST, claims he received

2

$175,000 along with the list. Since SIST was allegedly indebted to Cameron for more than this amount, his receipt of the money hardly constitutes corroboration of his claim. Moreover, there is nothing in Cameron's history which would suggest anyone would seriously contact him for the purpose of arranging even a single "hit", much less sixty. The FBI has advised the Court that its investigation is closed, since it is unable to corroborate any of the information allegedly provided by Cameron.

SIST suggests that the fact that the story received widespread media attention and was investigated by the FBI means that it was a genuine threat, but that does not follow. The FBI is required to investigate all threats to federal officers, even those that are found to be hoaxes. And the media interest in the story can hardly be the test of whether the threat is genuine. Indeed, it was the incredible nature of the story that generated the media attention in the first place. Under all of the circumstances, including the fact that it has now been more than ten months since the story broke, I conclude that this is not a threat that warrants recusal, especially at this stage of these proceedings.

More recently, SIST has offered another reason for me to recuse myself. It notes that the plaintiff is represented by one of my former law clerks. The mere fact that a party is represented by a former law clerk to the Court does not constitute grounds for recusal, however. If it did, service as a law clerk would be a serious impediment to future employment, especially in areas such as Green Bay where there is only one federal judge. *See Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977) ("The court observes in passing that some judges (but not the undersigned) employ law clerks with the specific expectation that the clerks will remain in that city or area to practice law. If a court were to accept the contention that recusal was necessary whenever any

3

counsel had been a prior law clerk to a judge, this would be an unfair penalty placed upon former law clerks of Federal Judges. In addition, United States judges themselves would suffer an obvious limitation on their recruiting of talented law clerks in the future.") While some judges adopt a policy of recusing themselves from cases handled by former law clerks for a period of time after the clerkship ends, there is no requirement that they do so. *Id.* For me to do so would result in a substantial number of recusals and significantly disrupt case assignments in this district, since I am the only federal judge sitting in Green Bay. Moreover, like most judges, I have no more difficulty disagreeing with former law clerks than I do with the law clerks who work for me now. Finally, I note that it has now been more than three years since counsel for the plaintiff served as my law clerk, and I have not socialized with him over that period of time. This is not his only case before me, and he has hardly prevailed in every case. Finally, this case was not before me until after he left my employ. Under these circumstances, I do not believe recusal is in order.

Accordingly, defendants' motion is denied. The clerk is directed to place this matter on the calendar for a hearing on the pending motion.

**SO ORDERED** this   7th   day of October, 2009.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

4