# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MMG FINANCIAL CORP.,

        Plaintiff,

    v.                              Case No. 06-C-929

MIDWEST AMUSEMENT PARK, LLC, et al.

        Defendants.

## ORDER FOR SANCTION

On February 15, 2011, this Court ordered Defendants' counsel to show cause why she should not be sanctioned $5,000 for gratuitous and offensive comments she made as part of a filing in this Court. The brief in question asserted that this Court was biased against her client based on racial and religious reasons, and it asserted that her clients' treatment in this Court was akin to Nazi Germany.

Counsel would have been better to ignore this Court's order to show cause than respond to it. In her response, she repeats her claims of bias and suggests that the Court is "united under common race and religion to rule against SIST" ("Samanta Roy Institute of Science and Technology") and that this Court's rulings are part of a "grand scheme of discrimination." (Dkt. # 200 at 2.) There is no point in repeating the arguments or attempting to rebut them. A jury has already found against counsel's clients (with jurors even going so far as to ask whether they could award attorney's fees to the Plaintiff), and the Seventh Circuit has affirmed the judgment. We are now left with the aftermath of that judgment and the several rulings I have made since. Suffice it to say that if this Court were laboring under some kind of ethnic or religious bias against the Defendants, it would not have taken two years following the verdict to enter default judgment. If

anything, it is probably the Plaintiff who is frustrated that it took three motions for default judgment to obtain that relief.

I conclude that a sanction is warranted in order to uphold the dignity of the institution and punish the behavior described above. To accuse a federal judge of making rulings based on religious or racial animus is among the most serious charges imaginable against an officer who has sworn to uphold the Constitution and decide cases on their merits alone. Despite the seriousness of the charge, Defendants have been able to muster only conclusory allegations of bias, and these allegations had nothing whatsoever to do with race, religion or Nazi-style persecution. Specifically, they argued that I should recuse myself because my former law clerk represented the Plaintiff and because mine was one of many names found on a "hit list" of dubious provenance. Race and religion simply had no role in this lawsuit (to repeat, a lawsuit about a few dozen go-karts), but now, after default judgment has been entered against her clients, counsel has manufactured an unfortunate set of allegations that are an affront to the dignity of the legal profession and intended to undermine the respect and confidence essential to the proper functioning of this Court.

Although it is clear that the allegations are leveled against me personally, I want to be just as clear that the sanction is being handed down in order to enforce institutional, rather than personal, concerns. No doubt many attorneys who lose a case they believe they should win may harbor some small amount of ire against the judge who presided over their case. The proper course, however, is to appeal and explain to the higher authorities why the judge erred. Here, rather than arguing on the merits, the Defendants' attorney chose to challenge the very legitimacy of the proceedings in this Court. It is for that reason – the gratuitous and unsupported effort to undermine this Court's legitimacy – that sanctions are warranted.

Attorneys, of course, are citizens, and as such they have all the rights afforded citizens under the First Amendment. But attorneys are also bound by rules of professional conduct and the rules of procedure of the courts in which they choose to practice. These rules are not coextensive with the First Amendment. In other words, an attorney, who is an officer of the court, is not allowed to say whatever she wants or "feels" without fear of sanction. Instead, Rule 11 and a court's inherent power to uphold its own authority limit attorneys to making arguments that are warranted by fact and law and are not made for improper purposes. *See, e.g., Grievance Adm'r v. Fieger,* 719 N.W.2d 123 (Mich. 2006) (disciplinary action against attorney for comparing appellate judges to Hitler and Eva Braun).

Here, I conclude that the arguments suggesting that this Court is part of a conspiracy based on race and / or religion is not warranted by existing fact or law and is made for the improper purpose of badgering and harassment. *See* Fed. R. Civ. P. 11(b)(1)-(2). (Very likely it is also part of an effort to manufacture evidence of bias to support, *ex post facto,* the Defendants' motion to recuse.) A stiff sanction is warranted not only because of the inherent gravity of the violation but because counsel's remarks have forced the Court to divert itself from its other cases, which prolongs the proceedings of other parties. This case was tried by an attorney who has since been disbarred, and now Defendants' new counsel has been sanctioned. This is not how litigation should be conducted. Defendants' counsel Rebekah Nett is hereby sanctioned in the amount of $5,000, payable to the Court within 21 days.

**SO ORDERED** this ____16th____ day of March, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

3